IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of Titan Roofing LLC, | ) ) ) ) | C.A. No. 2:23-cv-1390-DCN |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | COMPLAINT |
| Grand Coastal Builders, Inc., GCB JV1, LLC a/k/a Grand Coastal Builders JV1 and John Doe, representing the unknown bonding company holding a bond on this project, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

COMES NOW Plaintiff, United States of America for the use and benefit of Titan Roofing LLC, and shows unto this Court the following:

**JURISDICTION**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and the provisions of the Miller Act, 40 U.S.C. §3131 et seq. The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

**VENUE AND DISTRICT**

2. The contract at issue was performed and executed in the State of South Carolina, and venue is proper pursuant to 28 U.S.C. §1391(b)(2).

3. Assignment to the Charleston Division is proper as a substantial part of the events giving rise to the claims alleged arose in Charleston County.

**PARTIES**

4. Titan Roofing LLC (hereinafter referred to as "Plaintiff") is a limited liability

company organized and existing under the laws of the State of South Carolina and doing business in Charleston County, South Carolina.

5. Upon information and belief, Defendants Grand Coastal Builders, Inc. and GCB JV1, LLC a/k/a Grand Coastal Builders JV1 (hereinafter collectively referred to as "Contractor") are organized and existing under the laws of the State of Florida and are doing business in Charleston County, South Carolina.

6. Upon information and belief, Defendant John Doe (hereinafter referred to as "Surety") is an insurance company as defined in S.C. Code § 38-1-20 and registered with the South Carolina Department of Insurance.

## FACTS COMMON TO ALL CLAIMS

7. At some time before August 5, 2021, Defendant Contractor contracted with the Joint Base Charleston to perform construction on a project known as the High Altitude Airdrop Mission Support Center JBC (hereinafter referred to as "the Project"), located in Charleston, South Carolina.

8. As required by law, Contractor would have been required to obtain a Miller Act payment bond (hereinafter referred to as "the Bond"), which bond would obligate Contractor and Surety, jointly and severally, to pay all persons furnishing labor, materials, or both, in furtherance of construction of the Project.

9. Plaintiff contracted with Contractor to provide labor, materials, or both, in furtherance of construction of the Project.

10. Plaintiff has fulfilled all of its duties pursuant to the contract between the parties, and has complied with all conditions precedent to payment.

11. There remains due and owing on Plaintiff's account the sum of Forty-Eight Thousand Six Hundred Fifty-Three and 94/100 ($48,653.94) Dollars.

12.     Despite demand, Defendants have failed and refused to make payment to Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract)**

13.     Plaintiff realleges the allegations of the preceding paragraphs as though fully restated herein.

14.     Pursuant to an agreement between Plaintiff and Contractor, Plaintiff provided labor, materials, and/or equipment to Contractor, which labor, materials, and/or equipment were incorporated into and used in furtherance of construction on the Project.

15.     Despite demand, Contractor has failed and refused to pay all sums due to Plaintiff, and there is presently due and owing by Defendant Contractor to Plaintiff the sum of Forty-Eight Thousand Six Hundred Fifty-Three and 94/100 ($48,653.94) Dollars, as evidenced by the sworn affidavit of account attached hereto, together with interest at the rate of 8.75% per annum due from April 18, 2022 to the date of judgment, and a reasonable attorney's fee.

**FOR A SECOND CAUSE OF ACTION**
**(Quasi Contract)**

16.     Plaintiff realleges the allegations of the preceding paragraphs as though fully restated herein.

17.     Plaintiff provided valuable services, labor, and materials necessary for Contractor to perform its obligations pursuant to the contract with the United States of America.

18.     Contractor has had the use of the services and materials, has been unjustly enriched by the provisions of the services and materials, and is unjustly retaining the benefit of the services and materials without paying Plaintiff the amount due.

19.     If Contractor has been paid by the United States of America pursuant to contract, Contractor has received the benefits of Plaintiff's labor and materials, and the retention by Contractor of this benefit would, under these conditions, make it inequitable for Contractor to

retain the reasonable value of Plaintiff's services and materials.

20. The reasonable value of Plaintiff's services and materials is Forty-Eight Thousand Six Hundred Fifty-Three and 94/100 ($48,653.94) Dollars.

### FOR A THIRD CAUSE OF ACTION
### (Miller Act Payment Bond)

21. Plaintiff realleges the allegations of the preceding paragraphs as though fully restated herein.

22. Defendant Surety issued a payment bond naming Contractor, as principal, and guaranteeing performance and payment of all obligations under any contract or subcontract associated with the Project.

23. As a supplier of labor and materials for use and incorporation into the Project, Plaintiff is entitled to protection and coverage as a claimant under the Bond.

24. Upon information and belief, by the terms of the Bond, Defendants Contractor and Surety are obligated to pay Plaintiff the amount due and owing to Plaintiff.

25. Plaintiff provided notice of its claim to the United States of America, as Owner, and Contractor, via certified mail, within ninety (90) days of the last date upon which it supplied labor or materials to the Project.

26. Defendant Surety has failed to fulfill its obligations under the Bond to pay Plaintiff for the labor and materials furnished in the prosecution of the work on the Project.

27. Plaintiff is entitled to payment from Defendant Surety in the amount of Forty-Eight Thousand Six Hundred Fifty-Three and 94/100 ($48,653.94) Dollars, pursuant to the Miller Act, 40 U.S.C. §3133.

WHEREFORE, Plaintiff prays as follows:

A. For judgment against Defendants Contractor in the amount of Forty-Eight

Thousand Six Hundred Fifty-Three and 94/100 ($48,653.94) Dollars;

      B.      For judgment against Defendant Surety in the amount of Forty-Eight Thousand Six Hundred Fifty-Three and 94/100 ($48,653.94) Dollars;

      C.      For attorney's fees, costs and disbursements of this action;

      D.      For such other relief as the Court may deem to be just and appropriate.

SMITH | CLOSSER, PA

s/Zachary J. Closser

April 6, 2023

Zachary J. Closser
Federal Id #9889, zclosser@scnlaw.com
7455 Cross County Road, Ste 1 (29418)
P.O. Box 40578, Charleston, SC 29423
843-760-0220; 843-552-2678 (fax)
Attorneys for the Plaintiff

23-077